| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>U.S. Bank, National Association, as Trustee for GSAA Home Equity Trust 2006-20 | Order Filed on December 7, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>James E. Sutton,<br><br>Debtor. | Case No.: 16-31718-MBK<br>Adv. No.:<br>Hearing Date: 8/22/2017<br><br>Judge: Andrew B. Altenburg, Jr. |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: December 7, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:       James Sutton
Case No.:     16-31718-MBK
Caption:      **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, U.S. Bank National Association as Trustee for GSAA Home Equity Trust 2006-20, holder of a mortgage on real property located at 46 Tower Mountain Drive, Bernardsville, NJ  07924Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Kirsten Ennis, Esquire, attorney for Debtor, James Wolf, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall make post-petition payments to Secured Creditor through the plan in accordance with the terms of the Court's loss mitigation order;

It **ORDERED, ADJUDGED and DECREED** that the Chapter 13 Trustee is authorized to disburse the adequate protection payments per the terms of the loss mitigation order; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by February 1, 2018, or as extended by an order extending loss mitigation or a modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's proof of claim while Debtor is seeking a loan modification;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation negotiations are unsuccessful, Debtor shall modify the plan to surrender, cure and maintain, sell, refinance, or otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.